UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
AMY H. SEILER,

                MEMORANDUM AND ORDER

      Plaintiff,                CV 06-6154

      -against-      (Wexler, J.)

HARRY J. MULRY, JR.
and GREGORY G. SHAUB,
d.b.u. the firm name and style,
MULRY & SHAUB, LLP,

      Defendants,
----------------------------------------------------X

APPEARANCES:

        SOLOMON M. LOWENBRAUN
        Attorney for Plaintiff
        425 Northern Boulevard
        Great Neck, New York 11021

        HARRY J. MULRY, JR. and GREGORY G. SHAUB
        Defendants Pro Se
        14 Vanderventer Avenue, Suite 211
        Port Washington, New York 11050

WEXLER, District Judge:

      Plaintiff Amy H. Seiler ("Plaintiff" or "Seiler") brings this civil rights action pursuant to 42 U.S.C. § 1981 ("Section 1981"). Plaintiff's claims arise out of the termination of her employment as a paralegal with the Defendant law firm, Mulry & Shaub LLP (the "Law Firm"). In addition to naming the Law Firm as a defendant, Plaintiff alleges separate, individual causes

1

of action against the Law Firm's two partners, Gregory G. Shaub ("Shaub") and Harry J. Mulry ("Mulry") (collectively, with the Law Firm, "Defendants"). In support of her claims Plaintiff alleges, essentially, that Defendants deprived Plaintiff of her civil rights when they intentionally breached the terms of an oral contract of employment. Presently before the court is Defendants' motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

## BACKGROUND

I. Allegations of the Complaint

The facts forth below are drawn from Plaintiff's complaint and are, at this stage of the proceedings, deemed to be true.

Plaintiff is a paralegal who was first hired by the Law Firm on April 26, 2005. At that time, the only other employee in Defendants' office was an individual named Debra Rosen ("Rosen"), who performed bookkeeping functions and assisted Plaintiff in the performance of general office duties. Plaintiff's complaints about the conditions of her employment began in March of 2006, when Rosen announced that she would be leaving the Law Firm. According to Plaintiff, Shaub and Mulry conferred with Plaintiff and assured her that Rosen would be replaced. Despite these assurances, no replacement was hired and the conditions of Plaintiff's employment began to deteriorate.

Specifically, Plaintiff alleges that after Rosen's departure she was called upon to perform duties customarily performed by Rosen, in addition to her full time paralegal duties. Plaintiff further alleges that because of inadequate staffing, unfulfilled tasks began to accumulate. Disputes arose between Plaintiff and Defendants as a result of Plaintiff being unable to handle

2

the increased workload. Defendants' failure to hire a replacement for Rosen caused Plaintiff's workplace to become an "undignified" environment, marked by heated exchanges and disagreements. As a result of this environment, Plaintiff states that she sustained "stomach distress, headaches and disagreeable fits of temper."

In addition to her claim against the Law Firm, Plaintiff sets forth an individual claim against Mulry arising out of confrontations that occurred on May 25, 2006, and on Plaintiff's final day of employment, June 30, 2006. On May 25, 2006, Mulry is stated to have screamed uncontrollably at Plaintiff and grasped her upper arms with both of his hands. On June 30, three days after Plaintiff was advised her that her employment was being terminated, Mulry is alleged to have again grasped both of Plaintiff's arms and to have "passionately embraced" her. He is then alleged to have kissed Plaintiff "fully on the mouth."

II. Defendants' Motion

Defendants argue that Plaintiff fails to state a claim under Section 1981. Even assuming all facts alleged to be true, it is argued that Plaintiff fails to allege any fact that would support a claim of violation of federal law. After outlining the relevant legal standard, the Court will turn to the merits of the motion.

## DISCUSSION

I. Standard for Motion to Dismiss

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded

3

the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim of relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974.

The "plausibility" language used by the Supreme Court in Bell Atlantic has not been interpreted by the Second Circuit to require a "universal standard of heightened fact pleading," but to require a complaint to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir.2007) (emphasis in original). Further, courts have noted that while heightened factual pleading is not the new order of the day, Bell Atlantic holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F. Supp.2d 320, 324 (E.D.N.Y. 2007), quoting, Bell Atlantic Corp., 127 S. Ct. at 1959.

In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852*2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing her lawsuit. See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Watts, 2007 WL 1651852*2.

II. Disposition of Motion

At the outset, the court makes clear that Plaintiff proceeds solely on the theory that Defendants have violated Section 1981. Despite factual allegations of "grabbing," and an unwelcome kiss, Plaintiff makes no claim of gender discrimination or hostile work environment related thereto. The court therefore expresses no opinion as to any such claims and proceeds to analyze the viability of Plaintiff's complaint in the context of the only claim alleged, Section 1981.

To establish a claim under Section 1981, a plaintiff must allege: (1) membership in a racial minority; (2) defendant's intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in Section 1981. Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087 (2d Cir.1993; Barkely v. Olympia Mortg. Co., 20007 WL 2437810 * 10 (E.D.N.Y. 2007); Younger v. City of New York, 480 F. Supp.2d 723, 733 (S.D.N.Y. 2007). Seiler's complaint fails completely to plead these essential elements.

Plaintiff alleges nowhere that she is a member of a racial minority, nor that she was discriminated against on the basis of race. This failure alone is sufficient basis for dismissal of the complaint. Accord Younger, 480 F. Supp.2d at 733; Ganthier v. North Shore-Long Island Jewish Health System, 298 F. Supp.2d 342, 347 (E.D.N.Y. 2004). Plaintiff attempts to circumvent the requirement of alleging racially based discrimination by arguing that the statute is intended to benefit and protect "all persons." This argument must fail as it is without question that Section 1981 applies only to intentional acts of discrimination based upon race. Brown v. City of Oneonta, 221 F.3d 329, 339 (2d Cir. 2000); Ganthier, 298 F.Supp.2d at 347. Section

5

1981 does not prohibit discrimination on the basis of gender or age, neither of which Plaintiff asserts in any event. See Farrell v. Child Welfare Admin., 77 F. Supp.2d 329, 333 (E.D.N.Y. 1999). Plaintiff alleges nothing more than a difficult work environment and a series of uncomfortable interactions between the Plaintiff and her employers. These allegations, without more, do not meet the requirements for stating a claim pursuant to Section 1981.

Even if allegations as to race discrimination were made, Plaintiff's complaint would fail to state a claim. The Supreme Court has made clear that Section 1981 does not prohibit the sort of post-contract breach of contract claims of which Plaintiff complains. See CBOCS West, Inc. v. Humphries, 128 S. Ct. 1951, 1956 (2008); Patterson v. McLean Credit Union, 491 U.S. 164, 177 (1989). The Court has narrowly interpreted the phrase "to make and enforce contracts," holding that the phrase does not to apply to "conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." CBOCS West, Inc. v. Humphries, 128 S. Ct. 1951, 1956 (2008), quoting, Patterson, 491 U.S. at 177. The ability to "enforce" a contract, within the meaning of Section 1981, does not apply to post contract formation conduct "unless the discrimination at issue infects the legal process in ways that prevent one from enforcing contract rights." CBOCS West, Inc., 128 S. Ct. 1951, (2008). Patterson v. McLean Credit Union, 491 U.S. 164, 177 (1989). No such allegation is made here. Instead, as noted above, Plaintiff claims only of intolerable working conditions imposed upon her as a result of the size of her workload. These allegations state no claim under Section 1981.

## CONCLUSION

Defendants' motion to dismiss is granted. The Clerk of the Court is directed to terminate

the motion and to close the file in this case.

SO ORDERED.

                                                   LEONARD D. WEXLER
                                                   UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       June 30, 2008